

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2008

# Lewal v. Ali

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2865

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lewal v. Ali" (2008). *2008 Decisions*. Paper 684.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/684

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2865

———————

AKRAM LEWAL,
                                        Appellant

v.

R. ALI;
DR. J. BRADY,
Chief Medical Supervisor;
JAMES PATOPE,
Assistant Healthcare Admin.;
TROY WILLIAMSON,
Warden

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 06-cv-00687)
District Judge:  Honorable Sylvia H. Rambo

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 25, 2008

Before: MCKEE, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 11, 2008)

———————

OPINION

———————

PER CURIAM

Appellant Akram Lewal appeals pro se from the District Court's order dismissing his Bivens[1] action against the government defendants in their official capacities and granting summary judgment in favor of the government defendants on the ground of qualified immunity to the extent they were sued in their individual capacities. For the following reasons, we will affirm the judgment of the District Court.

Because we write primarily for the parties, we need not repeat the details of Lewal's claims here. In brief, Lewal, an inmate at the Allenwood Low Security Correctional Institution ("LSCI-Allenwood") in White Deer, Pennsylvania, contends that the defendants have been deliberately indifferent to his serious medical needs, in contravention of the Eighth Amendment.[2] Specifically, Lewal claims that the defendants demonstrated deliberate indifference when they refused to administer an MRI or to allow an "independent" physician to perform an MRI. In addition, Lewal complains of the treatment he has received for a foot infection. Although it is not entirely clear from his complaint, Lewal also appears to allege that his Equal Protection rights were violated because he was refused an MRI due to his illegal alien status, Muslim religion, and nationality as an Afghan. Lewal further alleges that the defendants had conspired to deprive him of his constitutional rights.

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)

[2] The defendants include the following LSCI-Allenwood officials: Troy Williamson (Warden), James Patope (Assistant Healthcare Administrator), Dr. J. Brady (Chief Medical Supervisor) and R. Ali (healthcare provider).

Defendants filed a motion to dismiss and for summary judgment. Lewal filed a brief in opposition to the motion, as well as a number of exhibits. The District Court granted defendants' motion to dismiss and for summary judgment. First, the District Court dismissed Lewal's claims for monetary damages against the defendants in their official capacities, reasoning it lacked subject matter jurisdiction to adjudicate those claims. Second, the District Court granted the defendants' motion for summary judgment based on the affirmative defense of qualified immunity to the extent the defendants were sued in their individual capacities. The District Court concluded that the defendants had not violated the Eighth Amendment and that, even if they had, objectively reasonable medical personnel under the same circumstances would have believed their conduct was lawful. Because defendants had demonstrated there had been no violation of Lewal's constitutional rights, the District Court concluded the defendants were likewise entitled to summary judgment on Lewal's conspiracy allegations. Lewal timely appealed.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review over a dismissal of a complaint for lack of subject matter jurisdiction. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). We also exercise plenary review of a district court's summary judgment ruling on qualified immunity. A.W. v. Jersey City Public Schools, 486 F.3d 791, 794 (3d Cir. 2007) (citations omitted). We can affirm the district court on any basis supported by the record. Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

Lewal's Bivens claims against the defendants in their official capacities were

3

properly dismissed. An action against government officials in their official capacities constitutes an action against the United States; and Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver. See FDIC v. Meyer, 510 U.S. 471, 483 (1994); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979). See also Consejo de Desarrollo Economico de Medicali v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007) (Bivens action can be maintained against a defendant in his or her individual capacity only).

In addition, we conclude that summary judgment was properly granted in favor of the defendants in their individual capacities on the grounds of qualified immunity with respect to Lewal's Eighth Amendment claim. When examining whether officials are entitled to qualified immunity, we first determine whether the conduct alleged by the plaintiff violated a constitutional right. Scott v. Harris, --- U.S. ----, ----, 127 S.Ct. 1769, 1774, 167 L.Ed.2d 686 (2007); see also Showers v. Spangler, 182 F.3d 165, 172 (3d Cir.1999). If so, the second step is to determine whether the unlawfulness of the action would have been apparent to an objectively reasonable official. Showers, 182 F.3d at 172. Here, Lewal's disagreement as to the proper medical treatment he should receive does not support an Eighth Amendment claim. See Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Accordingly, summary judgment was properly entered in favor of the defendants.

Finally, although the District Court did not address Lewal's Equal Protection claim, we conclude that the defendants were entitled to summary judgment on that claim

4

because Lewal failed to set forth any facts showing that there was a genuine issue for trial.  See United States v. 717 S. Woodward St., 2 F.3d 529, 533 (3d Cir. 1993).[3]

To the extent Lewal attempts to raise claims for the first time on appeal, we decline to address them.  Further, Lewal's appellate reply brief appears to attempt to re-litigate claims that were resolved in prior lawsuits he filed in the Second Circuit.  Lewal is clearly barred from doing so by the doctrine of res judicata.  Lewal also complains that he never received a copy of the exhibits the appellees filed for this appeal.  However, appellees have not filed any exhibits.

For the foregoing reasons, the District Court's judgment will be affirmed.

---

[3] Lewal's conspiracy claims were premised on the foregoing constitutional claims and therefore judgment was properly entered in favor of defendants with respect to these claims as well.